IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACEY A. MACON, | )<br>) |
| Plaintiff-Claimant, | )<br>) |
| | ) No. 11 C 0006 |
| vs. | )<br>) |
| | ) Jeffrey T. Gilbert |
| CAROLYN W. COLVIN, Acting | ) Magistrate Judge |
| Commissioner of Social Security, | )<br>) |
| Defendant-Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

On April 10, 2013, the Court granted Claimant's Motion for Summary Judgment and remanded this case to the Social Security Administration for further proceedings. *See* [Dkt#39]. This matter is before the Court now on Defendant Carolyn W. Colvin's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) [Dkt.#42]. For the reasons discussed herein, the Motion is denied. The Court reaffirms its prior decision, and this case is remanded to the Social Security Administration for further proceedings consistent with the Court's April 10, 2013 Memorandum Opinion and Order as more fully explained in this Order.

Motions for reconsideration serve a limited purpose. "Rule 59 is not a vehicle for rearguing previously rejected motions." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."). To prevail on a motion for reconsideration, a movant must show manifest errors of law or fact or present newly discovered evidence. *See id.* (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). But a " 'manifest error' is

not demonstrated by the disappointment of the losing party." *Id.* Rather, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* at 606 (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). As such, motions for reconsideration are rarely granted. "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). The Commissioner's Motion falls short of meeting these exacting standards. *See also more generally* Robert W. Gettleman, *How to Tell a Judge He Screwed Up,* Litigation, vol. 32, no. 4 (Summer 2006).

The Commissioner advances two arguments in support of the instant Motion. First, the Commissioner argues that the ALJ's failure to explain his decision to give little weight to the opinion of Claimant's treating physician Dr. Mulk, while at the same time adopting and incorporating Dr. Mulk's assessments into Claimant's residual functional capacity ("RFC"), is harmless error. Commissioner's Motion [Dkt.#42], at 1-2. The Court disagrees.

The ALJ stated in his decision that he gave "little weight" to Dr. Mulk's opinion because "it is inconsistent with the evidence as a whole." R.22. But the ALJ then adopted a RFC for Claimant (R.17) that substantially overlaps the limitations Dr. Mulk identified for Claimant's physical impairments (R.537). The ALJ even acknowledged in his decision that "the sit/stand option every 30 minutes . . . should essentially account for Dr. Mulk's opinion regarding the claimant's ability to stand for a limited amount of time." R.22. The ALJ needs to explain his rationale for adopting many of Dr. Mulk's assessments while at the same time finding that Dr. Mulk's views are inconsistent with the record evidence. If the ALJ is correct in his view of Dr. Mulk's opinion, then the ALJ's RFC also is inconsistent with the record evidence if it is based

2

upon Dr. Mulk's opinion. The Court does not understand how an ALJ can reject a treating physician's limitations as not consistent with the record evidence, but then adopt and incorporate substantially similar limitations into his RFC assessment and argue that those limitations are supported by substantial evidence in the record. This is confusing, and it requires further explanation.

The Commissioner argues that, contrary to what he said in his opinion, the ALJ actually must have given Dr. Mulk's limitations controlling weight and that the Court effectively recognized this in its Opinion. Commissioner's Motion [Dkt.#42], at 1. The Commissioner misconstrues the import of the Court's analysis. Although the Court stated: "It may be that the ALJ actually did give Dr. Mulk controlling weight . . ." 4/10/13 Opinion [Dkt.#39], at 15, the Court also emphasized that the ALJ stated exactly the opposite -- that he gave Dr. Mulk "little weight." R.22. The Court cannot find that the ALJ's decision as to Claimant's RFC stands on logical footing when he says that Claimant's treating physician's opinion is entitled to little weight but then reverses course and says he will adopt and incorporate that physician's views into the RFC.

If the ALJ meant to adopt Dr. Mulk's opinion, then he should have adopted it. He did not do so and specifically stated to the contrary that he gave it little weight. If the ALJ is not adopting Dr. Mulk's opinion, then he needs to explain the analysis that leads him to the RFC he does adopt. Because the ALJ did not offer any explanation, which he is required to do, as to how or why Dr. Mulk's opinion is inconsistent with the evidence as a whole and, as discussed below, what other evidence he relied upon to reach his own determination of Claimant's RFC, the ALJ did not build an accurate or logical bridge from the evidence to his conclusion.

Even the Commissioner at the hearing on this Motion acknowledged that "it's not logical what the ALJ did." 4/23/13 Tr. [Dkt.#45], at 7. The Court does not consider the lack of a logical underpinning to the ALJ's decision to be harmless error. Because the Court cannot logically follow the ALJ's analysis, the Court cannot find that the ALJ's characterization of Dr. Mulk's opinion, and the weight given to it, is harmless or that the ALJ built a logical bride to his conclusion. The Commissioner essentially urges the Court to ignore what the ALJ said and to construct an analysis to support the ALJ's ultimate decision. It is the ALJ's job, however, not the Court's to build a logical bridge from the evidence to his conclusion. Having rejected Dr. Mulk's opinion, the ALJ needed to do more to explain his RFC finding, citing record evidence he felt justified such a finding. The ALJ did not do that here.

As the Court said in its April 10 Opinion, this may be mostly an error of articulation but the Court does not view that error as harmless because it undercuts the integrity of a process in which the ALJ is supposed to build a logical bridge for his decision. Claimant is entitled to no less if his application for disability benefits is to be rejected as it was here. Without an explanation as to how the record evidence supports the ALJ's RFC determination but not Dr. Mulk's opinion, this Court cannot say the ALJ's RFC is supported by substantial evidence.

Second, the Commissioner argues that the Court was incorrect in reversing the Commissioner's decision because the ALJ's RFC finding did not match a physician's opinion or (apparently) other direct evidence of functional capacity." Commissioner's Motion [Dkt.#42], at 2. This argument, however, also misconstrues the Court's Opinion. The Court does not find that the ALJ must rely upon a physician's opinion to support his RFC. To the contrary, it is clear an ALJ must consider a number of factors, including among others, a physician's opinion. *See* 20 C.F.R. § 404.1545(a). In this case, however, the ALJ rejects all of the opinion evidence on

4

Claimant's physical abilities and gives little to no weight to the physicians' physical assessments of Claimant (with the exception of Claimant's eye doctor which the ALJ finds is well supported and gives it significant weigh). R.21-22.

While the Court may be able to cherry pick the ALJ's decision to identify some evidence that would explain the ALJ's path to his RFC determination, that is not the Court's role. The Court also is confused by the ALJ's concluding statements: "Although the claimant's impairments are severe, they do not preclude him from completing basic work related activities. The assessed residual functional capacity is supported by the objective findings, the opinion evidence, the nature and frequency of the claimant's medical treatment and the other factors discussed above." R.22. The Court is not sure how to interpret the conclusion that the assessed RFC is supported by "the opinion evidence" when the ALJ specifically rejected most of the opinion evidence as not supported by the record (with the exception of the opinion of Claimant's eye doctor). Overall, it is the Court's sense that the ALJ's assessment of Claimant's RFC is the result of the ALJ's free-lance analysis and is not tethered to any objective medical evidence. That is the error the Court found with the ALJ's RFC assessment. Nothing the Commissioner argues in her Motion changes the Court's mind on this point.

For all of the reasons explained herein, the Commissioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) is denied, and this case is remanded to the Social Security Administration for further proceedings consistent with the Court's April 10, 2013 Memorandum Opinion and Order as more fully explained herein.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 13, 2013