IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STACEY A. MACON, | ) | |
| | ) | |
| Plaintiff-Claimant, | ) | |
| | ) | No. 11 C 0006 |
| v. | ) | |
| | ) | Jeffrey T. Gilbert |
| CAROLYN COLVIN, Acting | ) | Magistrate Judge |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Claimant Stacey Macon's Motion for Attorney's Fees under the Equal Access to Justice Act [Dkt.#49]. Under the Equal Access to Justice Act ("EAJA"), a party who prevails against the United States in a civil action is entitled to an award of reasonable attorney's fees and costs. *See* 28 U.S.C. § 2412(d). A court may award fees under the EAJA when (1) the claimant is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the prevailing party's application for fees is timely filed. 28 U.S.C. § 2412(d)(1)(A); *Comm'r, INS v. Jean*, 496 U.S. 154, 155, (1990); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).

Here, the Commissioner does not dispute that Claimant is a prevailing party, that there are no special circumstances that would make an award unjust, or that the petition was timely filed. The Commissioner also does not object to the number of hours that Claimant's attorney spent litigating the case or the hourly rate sought by Claimant for the work his attorney performed in this case. The Commissioner only argues that its position and the decision of the

Administrative Law Judge ("ALJ") were substantially justified and therefore that Claimant is not entitled to recover his attorney's fees under EAJA. The Court disagrees.

The Commissioner has the burden of proving that her position was substantially justified. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Comm'r, INS v. Jean*, 496 U.S. at 155; *Stewart*, 561 F.3d at 683. In its opposition to Claimant's Motion, the Commissioner submits nothing of substance in support of her argument except a cursory and conclusory statement that her position was substantially justified. Commissioner's Response Br. [Dkt.#53], at 2. The Commissioner does not address any of the specific facts raised in Claimant's Motion nor does the Commissioner provide any substantive discussion explaining why her position was substantially justified in light of the Court's decision to remand this matter to the Social Security Administration for further proceeding consistent with its Memorandum Opinion and Order [Dkt.##39,49].

In its Memorandum Opinion and Order, the Court explained that the ALJ's characterization of the opinion of Claimant's treating physician was not harmless error and that the ALJ failed to build a logical bridge to his conclusion. *See* 5/13/13 Memorandum Opinion and Order [Dkt.#48], at 2-4. The Commissioner, however, essentially urged the Court to ignore what the ALJ said and to construct an analysis to support the ALJ's ultimate decision. *Id.* at 4-5. However, it is not the Court's job to build its own logical bridge from the evidence to the ALJ's conclusion. Having rejected the opinion of Claimant's treating physician, the Court concluded that the ALJ needed to do more to explain his residual functional capacity finding, citing record evidence he felt justified such a finding. *Id.* at 5. Accordingly, the Court cannot find that the Commissioner has come close to meeting her burden of proving that her position was in fact substantially justified.

Claimant seeks an award of attorney's fees in the amount of $10,122.43, based on an hourly rate of $182.13, and costs of $380.63. Claimant provided a detailed itemization of the work performed by his attorney, and Claimant's attorney has demonstrated that his hourly rate is justified in light of an increase in the cost of living and that the requested fees are reasonable in and fall within the range of fees frequently awarded in EAJA motions filed in this Circuit. *See, e.g., Lopez-Montiel v. Colvin*, 2013 WL 1788429, at *3 (N.D. Ill. April 26, 2013) (holding that an attorney's rate of $182.75 per hour is reasonable); *Cobb v. Colvin*, 2013 WL 1787494, at *2 (N.D. Ill. April 25, 2013) (approving an hourly rate of $184.75 and using the national Consumer Price Index); *Bias v. Astrue*, 2013 WL 615804, at *2 (N.D. Ill. Feb. 15, 2013) (approving fee calculation of $181.25 per hour based on the CPI–U "all items" index).

Therefore, because the Commissioner has failed to show that her position was substantially justified and did not object to Claimant's Motion for Attorney's Fees on any other ground, the Court grants Claimant's Motion for Attorney's Fees under the Equal Access to Justice Act [Dkt.#49] and awards $10,122.43 for his attorney's fees and $380.63 in costs. This amount, after any applicable offset permitted by law, is to be made payable to Claimant's counsel. *See Astrue v. Ratliff*, 560 U.S. __, 130 S. Ct. 2521 (2010); *Holofchak v. Astrue*, 2011 WL 662735 at *1 (N.D. Ill. Feb. 14, 2011). If a separate order is required in this regard, the parties shall submit a Proposed Order.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: October 7, 2013